PROVOSTY, C. J.
This is an application to this court for habeas corpus in behalf of Erwin Louis, who is being held as a convict in the state penitentiary, to have the-sentence under which he is held decreed null as having been rendered by a court without jurisdiction.
We have concluded that the writ should issue; and, as there is no dispute over the *925 facts of the case, and as we have concluded that for the reason assigned the sentence in question is null, we will proceed to dispose finally of the case.
'Erwin Louis pleaded guilty in the district court of the parish of Iberville in August, 1920, to bills of information for burglary and larceny, and was sentenced by that court to 10 years in the penitentiary. For his trial the court sat as an ordinary court; and proceeded in the forms customary in the cases of adults.
The contention in his behalf is that the court had jurisdiction only as a juvenile court. The contention is well founded. Article 118 of the Constitution of 1913, then in force, provided that for the trial of accused persons under 17 years of age the district courts of the parishes outside of Orleans parish should sit as juvenile courts, and should proceed according to the forms prescribed for those courts.
As the said article originally stood in the Constitution, it did not so require. Itb section 5 removed the courts of the parishes other than Orleans from its operation. But by an amendment to the Constitution adopted at an election held under the provisions of the joint resolution embodied in Act 13 of 1916, published at page 14 of the publication entitled “Amendments to the Constitution, 1916,” said section 5 was repealed. By another amendment adopted at an election held under the provisions of the joint resolution embodied in Act 201 of 1918, published at page 13 of' appendix to Acts of 1920, a section 5 was added to said article, reading:
“Sec. 5. That the provisions herein relating to the jurisdiction and powers of juvenile courts shall not be exclusive, and the General Assembly may pass laws enlarging or regulating the jurisdiction and powers of such courts and providing for the trial of juveniles and adults by such courts, and regulating the procedure in such trials.”
No suggestion is made that the Legislature has as yet exercised these enlarged powers.
Whether, if the trial court had considered the question of the juvenility of the accused and found him to be 17 years of age or over, this court would have reviewed that decision by habeas' corpus, is a question which does not arise in the case, since no issue, is made in that connection.
The sentence against Erwin Louis is therefore decreed to be null, and he is directed to be held a prisoner subject to the orders of the district court of the parish of Iberville, sitting ag a juvenile court.